UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| QUENTIN L. TAYLOR,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>  Respondent. | CAUSE NO. 3:21-CV-24-MGG |

OPINION AND ORDER

Quentin L. Taylor, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISR-19-12-217) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a rehearing, he was sanctioned with a loss of his entire balance of earned credit of four hundred thirty-five days and a demotion in credit class.

Taylor argues that he is entitled to habeas relief because correctional staff denied his request for a surveillance video recording. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* At screening, Taylor requested a surveillance video recording of the

location where the assault occurred. ECF 7. The hearing report reflects that the hearing officer considered the video recording and relied on it in finding Taylor guilty and in recommending sanctions. ECF 13-13. In the traverse, Taylor elaborates that he did not receive a written copy of the video recording summary, though the hearing officer attempted to describe it at the hearing. However, a written summary of video evidence is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Because correctional staff did not deny the request for the surveillance video recording as evidence, this argument is not a basis for habeas relief.

Next, Taylor argues that he is entitled to habeas relief because he did not receive adequate notice of his charges. He explains that he was initially charged with Offense 102 - Battery and did not receive a new conduct report during the rehearing process when he was charged with Offender 117 - Battery Against Staff on the same factual basis.

> [W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary hearing officer].
>
> *Wolff*, 418 U.S. at 564.

The Seventh Circuit Court of Appeals addressed a similar argument in *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003). In that case, an inmate was charged with bribery

2

for smuggling tobacco with the assistance of correctional staff but was found guilty of attempted trafficking based on the same factual basis. *Id.* at 909-10. The appellate court held that this finding of guilt did not violate the inmate's procedural rights because he received notice of the facts underlying the bribery charge, and these facts were sufficient to apprise the inmate that he could also be subject to discipline for the offense of attempted trafficking. *Id.* at 910-11.

Similarly, here, the administrative record includes a copy of the conduct report, which articulates the factual basis for the battery charge and indicates that Taylor received a copy of the conduct report two months before the hearing. ECF 13-1, ECF 13-13. The offense of battery at the time of the offense wholly subsumes the offense of battery against staff, which was added in a subsequent revision of departmental policy, and the facts set forth in the conduct report adequately support both offenses. ECF 13-1, ECF 13-4, ECF 13-6. Further, Taylor offers no explanation as to how the lack of a new conduct report during the rehearing process prejudiced his ability to defend himself. ECF 13-13. Because Taylor received adequate notice of the facts underlying the battery against staff charge, the argument that he did not receive sufficient notice is not a basis for habeas relief.

Taylor argues that he is entitled to habeas relief because he did not receive a written statement of the disciplinary decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff*, 418 U.S. at 564. "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline,

3

so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. ECF 13-13. Therefore, the claim that the hearing officer did not provide a written explanation is not a basis for habeas relief.

Taylor argues that he is entitled to habeas relief because he was subjected to unconstitutional conditions of confinement in connection with these disciplinary proceedings. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009); *see also Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) ("State prisoners who want to raise a constitutional challenge to . . . administrative segregation . . . must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all."). Because Taylor's claims do not relate to the fact or duration of his sentence, the court cannot grant him habeas relief.

Because Taylor has not asserted a valid claim for habeas relief, the habeas petition is denied. If Taylor wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma

pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Quentin L. Taylor leave to proceed in forma pauperis on appeal.

SO ORDERED on October 19, 2021

s/ Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
